IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHAPLAIN LORUWI LUMANGA, | ) | CASE NO.  4:13CV3213 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| RIKO BISHOP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed a Complaint in this matter on December 12, 2013.  (Filing No. 1.)

Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No. 6.) Also

pending is Plaintiff's Motion to Return Original Evidence.  (Filing No. 3.)  The court now

conducts an initial review of the Complaint to determine whether summary dismissal is

appropriate under 28 U.S.C. § 1915(e)(2).

## I.      SUMMARY OF COMPLAINT

Plaintiff filed the Complaint in this matter on December 12, 2013, against Cox,

Century Link, International Marketing Mix, and nine individuals.  (Filing No. 1 at CM/ECF

p. 1.)  Plaintiff is a non-prisoner who currently resides in Lincoln, Nebraska.  (Id.)

Plaintiff's allegations are very difficult to decipher.  As best as the court can tell,

Plaintiff asks the court to bring charges against "abusers of [his] children."  (Id. at CM/ECF

p. 5.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether

summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The court must dismiss a

complaint or any portion thereof that states a frivolous or malicious claim, that fails to state

a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III.   MOTION TO RETURN ORIGINAL EVIDENCE

Plaintiff has filed a Motion to Return Original Evidence. (Filing No. 3.) In his Motion, Plaintiff asks the court to send back documents that he filed in this matter. (*Id*.) However, Plaintiff did not follow NECivR 5.1(f)(2) and all original documents have been destroyed in accordance with that rule. *See also Young v. Smalls,* No. 09-2545 DMS (JMA), 2010 WL 731389, at *1 (S.D. Cal. Feb. 26, 2010), (stating the court cannot return original documents to a party once they are filed as part of the court's record).

Moreover, Plaintiff does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. 28 U.S.C. §

1915; *see also* *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted).  If Plaintiff requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies.  Plaintiff's Motion to Return Original Evidence is denied.

## IV.      DISCUSSION OF CLAIMS

As discussed above, Plaintiff's Complaint is very difficult to decipher.  Even under the most liberal construction, Plaintiff does not allege that any Defendant deprived him of a right secured by the Constitution or laws of the United States.  *See* *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Plaintiff appears to ask this court to bring charges against Defendants.  (Filing No. 1 at CM/ECF p. 5.)  However, a private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors."  *See* *Mercer v. Lexington Fayette Urban Cnty. Gov't.*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order); *see also* *Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (quoting *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury

are decisions that generally rest in the prosecutor's discretion.")).  Accordingly, Plaintiff's

Complaint fails to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice;

2.     Plaintiff's Motion to Return Original Evidence (Filing No. 3) is denied; and

3.     A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 14th day of April, 2014.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

_____
        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.